2024 IL App (1st) 230502

SIXTH DIVISION
March 22, 2024

No. 1-23-0502

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| SCOTT WELLS and THE CITY OF ANN ARBOR EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of Treehouse Foods, Inc., | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | Nos. 2016 CH 16359 and 2019 CH 06753, cons. |
| SAM K. REED, DENNIS F. RIORDAN, CHRISTOPHER D. SLIVA and TREEHOUSE FOODS, INC., a Delaware corporation, | ) ) ) ) | The Honorable Neil H. Cohen, Judge, presiding. |
| Defendants-Appellees. | ) | |

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices Hyman and C.A. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiffs, Scott Wells and the City of Ann Arbor Employees' Retirement System (Ann Arbor), appeal the dismissal with prejudice of their amended and consolidated shareholder-derivative complaint. Defendants are Sam K. Reed, Dennis F. Riordan, Christopher D. Sliva

and Treehouse Foods, Inc. (Treehouse), a Delaware corporation.[1] At issue in this appeal is the trial court's finding that the amended complaint did not allege with particularity the failure of Treehouse's board to respond to plaintiffs' demand. Plaintiffs demanded that Treehouse sue the three individual defendants, namely, Reed, Riordan, and Sliva.

¶ 2    In their responding appellate brief, defendants argued that—"while not before the Circuit Court"—the appellate court should take judicial notice of the letter that Treehouse's board subsequently sent to plaintiffs rejecting plaintiffs' demands.[2] In the subsequent reply brief, plaintiffs asked, in the alternative, for "leave to amend in order to respond to the [b]oard's formal refusal of their demands."

¶ 3    For the following reasons, we reverse, we reinstate the consolidated amended complaint, and we remand for further proceedings consistent with this opinion.

¶ 4                                    BACKGROUND

¶ 5                              I. The Amended Complaint

¶ 6    Since this is an appeal from a dismissal pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)), we rely below on the well-pleaded facts alleged in plaintiff's amended complaint, and we assume for purposes of this motion that the well-pleaded facts are true. *Kagan v. Waldheim Cemetery Co.*, 2016 IL App (1st) 131274, ¶ 29.

---

[1]Although plaintiffs style Treehouse as a "nominal defendant," defendants' counsel filed an appearance in this appeal on behalf of Treehouse and the three individual defendants, while plaintiffs' counsel filed an appearance on behalf of Wells and Ann Arbor.

[2]Defendants allege in their brief to this court that the board finally did respond, rejecting the demand on May 2, 2023. This was clearly after the March 15, 2022, order from which this appeal is taken. Although our review of the order is *de novo*, we decline to consider facts not in existence at the time it was issued.

¶ 7        TreeHouse is a Delaware corporation that manufactures store-brand food products.[3] It purchased Flagstone Foods in 2014 and Private Brands in 2015. At the time of these acquisitions, defendant Reed was TreeHouse's chairman and chief executive officer, serving from January 27, 2005, to March 26, 2018, and defendant Riordan was its chief financial officer, serving from January 2006 to November 2016. Defendant Sliva was TreeHouse's president from August 4, 2016, to November 3, 2016, and prior to serving as president, he was its chief operating officer.

¶ 8        Plaintiffs Ann Arbor and Wells are, and have continuously been, shareholders of TreeHouse, since 2014 and 2015, respectively. Plaintiffs allege that the three individual defendants materially misled TreeHouse's shareholders, such as plaintiffs, by falsely stating that the newly acquired companies were being successfully integrated into TreeHouse's operations. However, on November 3, 2016, TreeHouse suddenly disclosed that it had been experiencing serious integration issues as a result of the Private Brands purchase. In response, TreeHouse's shares fell 20% in value, wiping out billions of dollars in market capitalization. Although Treehouse's value fell, the individual defendants received millions of dollars in compensation.

¶ 9        TreeHouse shareholders sued TreeHouse for violations of federal securities laws, and a federal district court denied a motion to dismiss their suit. *Public Employees' Retirement System of Mississippi v. TreeHouse Foods, Inc.*, No. 16 C 10632, 2018 WL 844420 (N.D. Ill. Feb. 12, 2018). The federal suit was against the same individually named defendants as the suit at bar, and the federal district court found that it was "adequately shown that the individual

---

[3]"Defendant TreeHouse Foods may be the biggest company you have never heard of. It produces packaged foods for stores' 'private labels'—that is, it makes grocery stores' off-brand products." *Public Employees' Retirement System of Mississippi v. TreeHouse Foods, Inc.*, No. 16-cv-10632, 2020 WL 919249, at *1 (N.D. Ill. Feb. 26, 2020).

defendants made certain alleged misstatements." *Public Employees' Retirement System*, 2018 WL 844420, at *4. In 2020, the federal district court also granted a motion for class certification. *Public Employees' Retirement System of Mississippi v. TreeHouse Foods, Inc.*, No. 16-cv-10632, 2020 WL 919249 (N.D. Ill. Feb. 26, 2020). Plaintiffs in the case at bar allege that, on November 17, 2021, the federal district court granted final approval of a settlement of this action that included a $27 million payment to the investor class. See *Lavin v. Reed*, No. 17 CV 1014, 2023 WL 7182950, at *2 (N.D. Ill. Nov. 1, 2023) (the *Public Employees' Retirement System* suit was settled with court approval on November 17, 2021).

¶ 10    In the case at bar, plaintiffs allege that TreeHouse and the investors have suffered damages, and they bring this suit demanding that the TreeHouse board sue the three individual defendants.[4] On December 29, 2016, plaintiff Wells filed his original derivative suit against defendants, asserting that a formal demand on the board would be futile. On November 30, 2018, over four years before the dismissal in this action, plaintiff Ann Arbor made a presuit formal demand on TreeHouse's board, demanding that it sue the three individually named defendants. Acknowledging receipt of the demand in a letter dated January 8, 2019, the board stated: "Please be advised that the Board will take the steps it deems appropriate in response to the Demand letter in full accordance with applicable Delaware law and will provide a substantive response when it is in a position to do so." The letter did not state when that would be. Plaintiffs allege that, other than this letter acknowledging receipt, the board issued no formal response. On June 3, 2019, Ann Arbor filed a derivative suit alleging the same conduct cited in Wells's complaint, and therefore, the two suits were consolidated by the circuit court.

---

[4]"A derivative suit is brought by an investor on behalf of the corporation, asserting the corporation's (not the investor's) right to recover." *Lavin*, 2023 WL 7182950, at *3.

On February 14, 2022, Wells also made a formal demand on the board that was similar to Ann Arbor's demand. On February 28, 2022, plaintiffs filed their first consolidated complaint, alleging that the board refused to act on their demands.

¶ 11     On July 25, 2022, the trial court denied, without prejudice, a dismissal motion and granted plaintiffs leave to amend their consolidated complaint. In this order, the trial court found that plaintiffs sufficiently alleged (1) harm to TreeHouse as a result of the individual defendants' misconduct and (2) "the bad faith needed to overcome the presumption that [d]efendants exercised their duties in good faith." However, the court also found that the complaint failed "to allege particularized facts sufficient to overcome the presumption that the [b]oard exercised sound business judgment in response to the demands." The court explained: "As pled, the [c]omplaint merely alleges the conclusion that the [b]oard 'refused' and/or 'failed' to act on the demands."

¶ 12     On August 26, 2022, plaintiffs filed an amended complaint that alleged, among other things, that plaintiffs had made yet another demand on the board. Plaintiffs alleged:

> "Following the Court's July 25, 2022, Memorandum and Order, on August 8, 2022,
> plaintiffs sent the TreeHouse [b]oard a letter in which they incorporated the [prior
> demand] by reference and cited the February 12, 2018, Memorandum Opinion in the
> [federal securities action] and this Court's July 25, 2022, Memorandum and Order,
> 'demand[ing] that the [b]oard immediately sue the [three individual defendants]."

¶ 13     The amended complaint further alleged that, "[o]n August 15, 2022, defendant's counsel *** responded via email acknowledging receipt of the August 8, 2022, letter and confirming that it was 'passed along to the [b]oard.' " Plaintiffs alleged that the e-mail ignored the fact that the demand had been sent almost four years earlier, when it stated that " 'the

5

[b]oard will respond as soon as it has had the opportunity to give your latest demand due consideration under the circumstances." On December 7, 2022, defendants filed a motion to dismiss pursuant to section 2-615 (735 ILCS 5/2-615 (West 2022)), in which defendants acknowledged that the new demand was the "same as the old one."

¶ 14 On March 10, 2023, the parties submitted a "Stipulation and Proposed Agreed Order" to the trial court that stated, in full:

"IT IS HEREBY STIPULATED AND AGREED between the undersigned counsel for Plaintiffs and Defendants, the Parties having commenced discussions with regard to settlement, that all proceedings in the above-captioned action are stayed pending the submission of a further stipulation by the Parties."

¶ 15 Five days later, on March 15, 2023, the trial court issued an order granting defendants' motion to dismiss with prejudice. The court found that the amended complaint still failed to allege particularized facts regarding the board's alleged failure to evaluate plaintiffs' demand and to exercise sound judgment in doing so. In support, the trial court noted:

"The court notes that, while not pled in the Consolidated Amended Complaint, it is undisputed that the Board has retained Sidley Austin, L.L.P. to investigate [p]laintiffs' latest demand and that the investigation is ongoing. The [b]oard's current consideration of [p]laintiffs' demand further supports dismissal of the Amended Complaint with prejudice."

The court stated that it was dismissing the complaint pursuant to section 2-615 (735 ILCS 5/2-615 (West 2022)).

¶ 16 The next day, on March 16, 2023, plaintiffs filed a notice of appeal. For relief, the notice stated that plaintiffs sought an opinion or order (1) "reversing the dismissal *** with

direction to reinstate the Consolidated Amended Complaint" or (2) "reversing the dismissal *** with direction to grant [p]laintiffs-[a]ppellants leave to amend."

¶ 17                                            ANALYSIS

¶ 18        As noted above, plaintiffs seek reversal of the trial court's section 2-615 dismissal order with directions to reinstate their amended complaint or allow them leave to amend. For the following reasons, we reverse, we reinstate the consolidated amended complaint, and we remand for further proceedings consistent with this opinion.

¶ 19                                  I. Section 2-615 Dismissal

¶ 20        "The question presented by a motion to dismiss a complaint pursuant to section 2-615 of the Code is whether the complaint alleges sufficient facts that, if proved, would entitle the plaintiff to relief." *Bogenberger v. Pi Kappa Alpha Corp.*, 2018 IL 120951, ¶ 23. "Such a motion challenges only the legal sufficiency of the complaint." *Bogenberger*, 2018 IL 120951, ¶ 23. As a result, the motion may not raise factual defenses but may assert only legal defects apparent on the face of the complaint. *Yoon Ja Kim v. Song*, 2016 IL App (1st) 150614-B, ¶ 41.

¶ 21        In reviewing the motion, a court must take all well-pleaded facts in the complaint as true and construe them in the plaintiffs' favor. *Bogenberger*, 2018 IL 120951, ¶ 23. Thus, the "critical inquiry" becomes whether the facts alleged in the complaint, construed in the light most favorable to the plaintiffs, are sufficient to state a legal cause of action "upon which relief may be granted." *Bogenberger*, 2018 IL 120951, ¶ 23. On appeal, a reviewing court considers *de novo* a trial court's order granting a section 2-615 dismissal. *Bogenberger*, 2018 IL 120951,

¶ 23. *De novo* review means that we perform the same analysis that a trial judge would perform. *People v. Begay*, 2018 IL App (1st) 150446, ¶ 34.[5]

¶ 22                                    II. Shareholder Derivative Suit

¶ 23            Plaintiffs brought a shareholder derivative suit, which permits individual shareholders, such as plaintiffs, to bring suit in order to enforce a corporate cause of action against officers, directors, or third parties. *In re Huron Consulting Group, Inc.*, 2012 IL App (1st) 103519, ¶ 16. The point of this type of suit is to permit shareholders to protect a corporation's interests against possibly faithless directors or managers. *In re Huron*, 2012 IL App (1st) 103519, ¶ 16. However, to protect the balance of control between shareholders and directors, the aggrieved shareholders must first demonstrate, as a precondition to suit, (1) that they first made a demand on the corporation to pursue the cause of action that was refused or (2) that making such a demand is excused under the circumstances. *In re Huron*, 2012 IL App (1st) 103519, ¶ 16. The demand requirement may be excused, for example, if a demand would be futile. *In re Huron*, 2012 IL App (1st) 103519, ¶ 18.

¶ 24            Under Illinois choice of law rules, plaintiffs' derivative claims are governed by the law of Delaware, TreeHouse's place of incorporation. See *Lowinger v. Oberhelman*, 924 F.3d 360, 366 (7th Cir. 2019); *Lavin*, 2023 WL 7182950, at *3 (discussing TreeHouse specifically). Since TreeHouse "is incorporated in Delaware, the demand requirement is governed by Delaware Chancery Rule 23.1 (Del. Ch. Ct. R. 23.1)." *In re Huron*, 2012 IL App (1st) 103519, ¶ 18.

---

[5]The standard of review is the same under Delaware law, which we apply for reasons explained below. *Brehm v. Eisner*, 746 A.2d 244, 254 (Del. 2000) ("our scope of review must be *de novo*").

¶ 25    "In 2023, Rule 23.1 was revised to align its language in certain respects with Federal Rule 23.1 so that authorities interpreting the federal rule could be cited more easily as persuasive authority for the interpretation of Rule 23.1." Del. Ch. Ct. R. 23.1, Comment (eff. Sept. 25, 2023). However, "[e]xcept as noted, no substantive change in the interpretation of Rule 23.1 or the law governing derivative actions is intended. Prior Delaware authorities interpreting the rule and the law governing derivative actions remain applicable." Del. Ch. Ct. R. 23.1, Comment (eff. Sept. 25, 2023).

¶ 26    The portion governing the demand requirement did not change substantively, and it provides, in relevant part: "The complaint in a derivative action must: (1) state with particularity: (A) any effort by the derivative plaintiff to obtain the desired action from the entity; and (B) the reasons for not obtaining the action or not making the effort ***." Del. Ch. Ct. R. 23.1 (eff. Sept. 25, 2023); see *In re Huron*, 2012 IL App (1st) 103519, ¶ 18 (quoting the portion of the earlier rule with the same requirements). "Generally, the demand requirement will be deemed futile where the derivative plaintiff establishes that there is reason to doubt the board's ability to evaluate the demand in a disinterested and independent manner." *In re Huron*, 2012 IL App (1st) 103519, ¶ 18 (discussing Del. Ch. Ct. R. 23.1 (eff. Sept. 25, 2023)).

¶ 27    When evaluating a Rule 23.1 claim, a court is " 'merely reading the English language of a pleading and applying to that pleading statutes, case law[,] and Rule 23.1 requirements.' " *In re Huron*, 2012 IL App (1st) 103519, ¶ 32 (quoting *Brehm v. Eisner*, 746 A.2d 244, 254 (Del. 2000)). Although a court looks only to the pleading, Rule 23.1's requirement that allegations must be made with particularity heightens the pleading requirement beyond that which would normally be required to survive a section 2-615 motion. *In re Huron*, 2012 IL App (1st) 103519, ¶ 35. Where there is no affirmative decision by the board to act or refrain

from acting, the particularized factual allegations must create a reasonable doubt about whether, at the time the complaint was filed, the board could have exercised independent and disinterested judgment. *In re Huron*, 2012 IL App (1st) 103519, ¶ 37. In the case at bar, a reasonable doubt was created as to the board's ability to exercise any judgment, where the board failed to respond to the demand for over four years. *Kaplan v. Peat, Marwick, Mitchell & Co.*, 540 A.2d 726, 731 (Del. 1988) (a corporation cannot "stand neutral" regarding a derivative action asserted on its behalf but must affirmatively object to it or support it); *Rich ex rel. Fuqi International, Inc. v. Chong*, 66 A.3d 963, 976 (Del. Ch. 2013) (when a board fails to address the demand, the analysis "turn[s] on the time" that the board had "for response"); *Maccoumber v. Austin*, No. 03 C 9405, 2004 WL 1745751, at *3 (N.D. Ill. Aug. 2, 2004) ("Once demand is made, the board must investigate *** and then decide ***."); see *Brehm*, 746 A.2d at 255 ("Plaintiffs are entitled to all reasonable factual inferences that logically flow from the particularized facts alleged ***.").

¶ 28    In another shareholder derivative action by TreeHouse shareholders regarding the same underlying events, a federal district court recently found that, for purposes of demand analysis, consolidated plaintiffs could designate which would be the operative complaint for their consolidated action and that the filing date of this complaint was the starting point for considering whether the demand requirement was satisfied. *Lavin*, 2023 WL 7182950 at *2, *4-5. Under this rubric, the needle in our case gets moved back from 2023, when the complaint was dismissed, to 2022, when the consolidated complaint was filed. However, even then, the board's inaction merely goes from lasting over four years to just under four years—a minor shift that does not alter our analysis.

¶ 29 Defendants argue that the board was justified in waiting for the conclusion of the federal securities action, which ultimately settled, before considering plaintiffs' demand. " '[I]f the mere existence of pending class action lawsuits and government investigations were enough to outweigh all other factors, a company's rights of action against errant officers and directors would be seriously compromised.' " *Ingrao v. Stoppelman*, No. 20-cv-02753-EMC, 2020 WL 7025083, at *6 (N.D. Cal. Nov. 30, 2020) (quoting *Witchko v. Schorsch*, No. 15 Civ. 6043, 2016 WL 3887289, at *4 (S.D.N.Y. June 9, 2016)). Even if the federal securities action was a reason to defer any meaningful response, that action concluded in settlement in 2021, and no decision on plaintiffs' demand was made then or promptly thereafter. *Cf. Maccoumber*, 2004 WL 1745751, at *5-6 (board's action was reasonable when it promised plaintiffs to respond "promptly" after the resolution of a demand-futility claim in another suit). Further, even if the federal securities action was the reason for the delay, the board failed to state this in its letter acknowledging receipt. Instead, the board amorphously promised to take all appropriate steps and respond when "in a position to do so"—without giving a hint when that would be or why. *Cf. Maccoumber*, 2004 WL 1745751, at *5-6 (board's letter identified the reason for the delay and promised plaintiffs to advise them "promptly" after its resolution); see *Lowinger v. Oberhelman*, No. 1:15-cv-01109-SLD-JEH, 2017 WL 1224525, at *4-6 (C.D. Ill. Mar. 31, 2017) (discussing *Maccoumber*, the court noted that the board's letter specifically identified a similar pending claim whose resolution the board was waiting for and so dismissed *without prejudice*); *Piven v. Ryan*, No. 05 CV 4619, 2006 WL 756043 (N.D. Ill. Mar. 23, 2006) (where board specifically identified the reason for the delay and named the litigation whose

resolution it was waiting for, deference to the board was warranted, and the complaint was dismissed *without prejudice*).[6]

¶ 30    In addition, the trial court considered facts outside the complaint *and* assumed those facts to be true, namely, that a *bona fide* investigation was underway and that plaintiffs' demand was truly under consideration. Given both the reasonable doubt and the error by the trial court, we have no choice but to reverse. We order the consolidated amended complaint reinstated.

¶ 31                                    CONCLUSION

¶ 32    For the foregoing reasons, the trial court's order dismissing the consolidated amended complaint is reversed, the complaint is reinstated, and the case is remanded for further proceedings consistent with this opinion.

¶ 33    Reversed and remanded.

---

[6]Since we find the dismissal was error, we do not consider whether dismissing it with prejudice was additional error. *Cf. In re Huron*, 2012 IL App (1st) 103519, ¶ 20 (citing *West Coast Management & Capital, LLC v. Carrier Access Corp.*, 914 A.2d 636, 645 n.32 (Del. Ch. 2006) (a dismissal without an affirmative action by the board must be without prejudice, since plaintiffs may wish to follow up and the board itself may wish to have the corporation pursue legal remedies)).

***Wells v. Reed*, 2024 IL App (1st) 230502**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 2016-CH-16359, 2019-CH-06753; the Hon. Neil H. Cohen, Judge, presiding. |
| **Attorneys for Appellant:** | Marvin A. Miller and Lori A. Fanning, of Miller Law LLC, and Frank A. Richter, of Robbins Geller Rudman & Dowd LLP, both of Chicago, Michael I. Fistel Jr., of Johnson Fistel, LLP, of Marietta, Georgia, and Frank J. Johnson and Kristen O'Connor, of Johnson Fistel, LLP, and Travis E. Downs III and Erik W. Luedeke, of Robbins Geller Rudman & Dowd, LLP, both of San Diego, California, for appellants. |
| **Attorneys for Appellee:** | Matthew R. Carter and Elizabeth S. Deshaies, of Winston & Strawn LLP, of Chicago, and James P. Smith III (*pro hac vice*) and Thania (Athanasia) Charmani (*pro hac vice*), of Winston & Strawn LLP, of New York, New York, for appellees. |